**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

MAY 15 2003

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

---

JERRY WAYNE SMITH; CHARLES
MELVIN TORRENCE,

    Plaintiffs - Appellants,

v.

CHARLES E. SIMMONS, Secretary,
Kansas Department of Corrections;
CARL CUSHINGBERRY, Kansas
Parole Board; LARRY WOODWARD,
Kansas Parole Board; BEN
BURGESS, Kansas Parole Board;
COLENE SEIDEL, Kansas Parole
Board; MARILYN SCAFE, Chairman
of Kansas Parole Board; JOHN
LAMB, Regional Director, Parole
Field Office (Northern Region); PAT
BERRY, Regional Director, Parole
Field Office (Eastern Region); KENT
SISSON, Regional Director, Parole
Field Office (Southern District);
MIKE LENTZ, Parole Officer,
Wichita Field Office; JOHN DOES,
Parole Officers for Wichita, Shawnee,
and Kansas City, Kansas; JANE
DOES, Parole Officers for Wichita,
Shawnee, and Kansas City, Kansas,
LORI ADAMS, Administrator, Kansas
City Parole Division; BILL GRAVES,
Governor for the State of Kansas;
KANSAS LEGISLATURE, and other
John and Jane Does in their official
and/or individual capacities,

    Defendants - Appellees.

Nos. 02-3255 and 02-3265
(D.C. No. 01-CV-3472-GTV)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Plaintiffs-Appellants Charles Melvin Torrence and Jerry Wayne Smith, state prisoners[1] appearing pro se, filed a civil rights action under 42 U.S.C. § 1983 against the Secretary of the Kansas Department of Corrections, the Governor of the State of Kansas, the Kansas State Legislature, individual members of the Kansas Parole Board, several regional directors of various field parole offices, and various other named and unnamed parole and probation officials. The complaint, which sought class certification, money damages, and declaratory and injunctive relief, alleged violations of no less than six constitutional provisions, nineteen federal statutes, one rule of criminal procedure and various provisions of Kansas law. The essence of the complaint is that

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Mr. Smith was released from state custody after initiating this appeal.

various statutes enacted by the Kansas State Legislature ("the Legislature") are unconstitutional and result in racial discrimination, and that procedures employed by the State's parole and probation officials violate various federal constitutional and statutory guarantees. The district court dismissed the complaint for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii).[2] Plaintiffs thereafter brought separate appeals challenging the district court's dismissal. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Although the complaint sets forth nine claims for relief, each claim essentially derives from three main arguments. Plaintiffs' first argument concerns the limited retroactivity provision of the Kansas Sentencing Guidelines Act, Kan. Stat. Ann. 21-4724(b)(1) (2002), ("KSGA") which provides that certain non-

---

[2] The district court also dismissed Mr. Smith from the action without prejudice for failing to file the initial partial filing fee assessed by the court pursuant to 28 U.S.C. § 1915 (b)(1). However, in his objections to the initial assessment of this fee, as well as his request to proceed in forma pauperis ("IFP") on appeal, Mr. Smith attached certified documentation from the Kansas Department of Corrections demonstrating that he had no funds available in his inmate bank account with which to pay the fees. R. Doc. 8 at Attachments 1-5, R. Doc. 17 at 4. Because § 1915 (b)(4) provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee," and because the record reveals that Mr. Torrence paid both his own and Mr. Smith's fee, the district court should not have dismissed Mr. Smith from the action for failing to pay the initial partial filing fee. We therefore reach the merits of Mr. Smith's claims that the district court erred in dismissing the action for failure to state a claim on which relief may be granted.

serious offenders sentenced before the effective date of the act are entitled to have their sentences modified under the KSGA. Plaintiffs, who are not eligible for sentence modification due to the severity of their offenses, argue that because they are African-American, and because the impetus for enacting the KSGA was a legislative determination that "racial and geographical bias" permeated the pre-existing indeterminate sentencing scheme, R. Doc. 1, Complaint at ¶¶ 13, 14, the Legislature's failure to apply the KSGA to them necessarily amounted to racial discrimination. Second, Plaintiffs argue that the 30-day limitations period for bringing a state habeas corpus petition contained in Kan. Stat. Ann. 60-1501 (2002) is unconstitutional because 30 days is inadequate to permit preparation of a petition, and because the statute constitutes a bill of attainder, suspends the writ of habeas corpus, denies Plaintiffs their right of access to the courts, and violates the "open courts" principle under Kansas law. R. Doc. 1, Complaint at ¶ 49. Finally, Plaintiffs challenge the procedures and methods employed by various parole and probation officials to grant and revoke parole and probation. Plaintiffs contend that their constitutional rights were violated when their parole was revoked and later denied because officials were instructed to make "special efforts" to reincarcerate individuals on parole or probation so as to reach inmate population projections that would make additional federal funds available to the Kansas Department of Corrections. Id. at ¶¶ 51-58.

On appeal, Mr. Torrence and Mr. Smith both argue that their claims have legal merit and sufficient factual support, and that the district court therefore erred in dismissing their action under § 1915 (e)(2)(B)(ii). Aplt. Br. at 9, 10-11, 14-15 (Smith); Aplt. Br. at 4, 5-6 (Torrence). Likewise, both Plaintiffs argue that the district court erred by failing to specifically address each of the individual claims set forth in their complaint, Aplt. Br. at 18-19 (Smith); Aplt. Br. at 7-8, 11 (Torrence). In addition, Mr. Smith argues that the district court erred by dismissing the suit without first requiring Defendants to file a responsive pleading, Aplt. Br. at 11-12 (Smith), and that even if his allegations regarding the constitutionality of the 30-day limitations period were insufficient, he should have nonetheless been granted an opportunity to amend his complaint before the district court dismissed it. Id. at 16.

We review de novo a dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii). Perkins v. Kansas Dep't. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999). Upon carefully reviewing Plaintiffs' complaint, briefs, and the record on appeal, we conclude that the district court did not err in dismissing Plaintiffs' action. Even though the district court did not specifically address each of the Plaintiffs' claims listed in the complaint, we are satisfied that the district court's analysis of the constitutionality of the limited retroactivity provision of the KSGA, the constitutionality of the 30-day limitations period, and

the conduct of various parole and probation officials was sufficient to dispose of all of Plaintiffs' claims.

In regard to the constitutionality of the retroactivity provision of the KSGA, we agree with the district court that rational basis review applies to this claim and that the Legislature's decision not to extend the KSGA to all offenders convicted prior to its enactment passes constitutional muster under that standard. Plaintiffs' claims regarding the revocation and denial of their parole and probation are similarly without merit. Other than a conclusory allegation that their parole was revoked based on "trumped-up" and "petty" charges, R. Doc., Complaint at ¶ 57, Plaintiffs do not claim that their parole revocations were made in the absence of a parole violation sufficient to merit revocation or otherwise based on some impermissible factor such as race, but only that the motivation behind the revocations was to increase the inmate population level in Kansas. Id. at ¶ 51. Such an allegation is simply insufficient to state a claim under § 1915 (e)(2)(B)(ii). See Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992) (holding that despite the rule of liberal construction of pro se complaints, a court "should dismiss claims which are supported only by vague and conclusory allegations.").

Furthermore, we agree with the district court that Plaintiffs' challenge to the 30-day limitations period fails for the reasons announced by the Kansas

Supreme Court in <u>Battrick v. State</u>, 985 P.2d 707 (Kan. 1999). Additionally, we note that the federal Constitution does not require states to provide a means of post-conviction relief from a state conviction. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 557 (1987). Consequently, it cannot be said that the limitations period at issue here is unconstitutional because it is too short or because it violates the suspension clause of the federal Constitution. <u>Cf. Williams-Bey v. Trickey</u>, 894 F.2d 314, 317 (8th Cir. 1990) (holding that "[b]ecause there is no federal constitutional requirement that states provide a means of post-conviction review . . . an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.").

We also reject Mr. Smith's allegation that the district court erred in dismissing his complaint before requiring Defendants to file a responsive pleading or giving him an opportunity to amend his complaint. First, the district court did not err by dismissing Plaintiffs' claim before the service of Defendants' answer because § 1915 (e)(2) specifically provides that the district court "shall dismiss" a complaint filed by a prisoner proceeding IFP, "at any time" if the court determines that the action fails to state a claim on which relief may be granted. Moreover, the district court did not err in failing to afford Mr. Smith an opportunity to amend his claim regarding the constitutionality of the 30-day limitations period because amendment could not have rendered this claim

meritorious. See Perkins, 165 F.3d at 806 (holding that a district court need not permit an opportunity to amend "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

Accordingly, we AFFIRM the dismissal of Plaintiffs' complaint for failure to state a claim on which relief may be granted for substantially the same reasons given by the district court, and GRANT Mr. Smith's motion to proceed IFP on appeal. Plaintiffs are reminded that they remain obligated to make partial payments until the entire filing and appellate fees have been paid.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge