IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,175

STATE OF KANSAS,
*Appellee*,

v.

TYRENCE LEE BUFORD,
*Appellant*.

SYLLABUS BY THE COURT

The denial of parole is not a sentence.

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed December 1, 2017.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, was on the brief for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Tyrence Lee Buford appeals the district court's summary dismissal of his motion to correct an illegal sentence. Concluding that Buford's sentence was not illegal, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 1990, Buford pled guilty to felony murder. The district court sentenced Buford on April 25, 1990, to life imprisonment pursuant to K.S.A. 21-4501(a) (Ensley 1988).

Buford claims that since his imprisonment, he has appeared before the parole board on six different occasions and that the parole board "passed" him for a number of months each time. Buford contends that the most recent denial occurred in 2014.

On November 21, 2014, Buford filed a pro se motion to correct an illegal sentence, arguing that each time the parole board passed him, it instituted a new and illegal sentence. The district court summarily denied his motion, stating that Buford received the proper sentence when the court sentenced him to life imprisonment and therefore his sentence was not illegal. Buford appealed to this court.

DISCUSSION

Buford does not argue that his life sentence is illegal. He argues that the parole board instituted a new sentence each time it denied his parole and that these "sentences" are illegal under K.S.A. 22-3504. Buford appears to allege that the "sentences" are illegal because they increase his original penalty based on an improper classification of his criminal history, which is a violation of his Sixth Amendment rights under *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). More specifically, Buford's motion contends that the parole board denied his parole based on its classification of his criminal history according to the Kansas Sentencing Guidelines. Because he committed his prior

2

crime before 1993, Buford argues that the parole board should have classified this conviction as a nonperson felony.

We review the district court's summary denial of a motion to correct an illegal sentence de novo because we have the same access to the motions, records, and files. We must determine whether the documents conclusively show the defendant is not entitled to relief. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

An illegal sentence under K.S.A. 22-3504 is one that (1) is imposed by a court without jurisdiction; (2) does not conform to the statutory provision, either in the character or the term of authorized punishment; or (3) is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

K.S.A. 22-3504 is inapplicable to Buford's argument because the denial of parole is not a sentence. Buford's sentence is life imprisonment.

Buford contends that the parole denials are new sentences because in Kansas, a sentence of life imprisonment entitles a prisoner to release on parole after 15 years. This is incorrect. Under K.S.A. 22-3717(b) (Ensley 1988), Buford was *eligible* for parole after 15 years, not *entitled* to it. See also *Gilmore v. Kansas Parole Board*, 243 Kan. 173, 180, 756 P.2d 410 (1988) (a prisoner has no liberty interest in the granting of parole).

Because Buford actually challenges the parole board's decision to deny his parole, not his underlying sentence, his claim appears better suited to a habeas corpus motion under K.S.A. 60-1501. However, even if we were to liberally construe Buford's motion as a 60-1501 motion, his challenge would still fail because it is unclear whether he has exhausted his administrative remedies, as conceded in his appellate brief to this court.

3

*Battrick v. State*, 267 Kan. 389, 398, 985 P.2d 707 (1999) (before a prisoner may bring a claim under K.S.A. 60-1501, he or she must exhaust administrative remedies).

Because the denial of parole is not a sentence, K.S.A. 22-3504 has no application to Buford's claim. We decline to construe the claim as a habeas motion because it is not clear Buford has exhausted his administrative remedies.

CONCLUSION

The judgment of the district court is affirmed.