NOT DESIGNATED FOR PUBLICATION

No. 126,051

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES C. STRADER,
*Appellant*,

v.

JEFF ZMUDA, SECRETARY OF CORRECTIONS, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Submitted without oral argument. Opinion filed January 5, 2024. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Fred W. Phelps, Jr.*, deputy chief legal counsel, Kansas Department of Corrections, for appellees.

Before ATCHESON, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: James Strader, an inmate in the Kansas prison system, appeals the Leavenworth County District Court's denial of his amended petition for habeas corpus relief under K.S.A. 60-1501. The district court concluded Strader failed to show he had exhausted his administrative remedies before filing the action and, alternatively, the amended petition lacked sufficiently detailed factual allegations to warrant further consideration. We are constrained to agree with the district court and, therefore, affirm.

Strader lodged various complaints about his treatment while confined at the prison in Lansing, and the district court appointed a lawyer to represent him. In a second

1

amended petition his lawyer filed, Strader alleges he was assaulted in the prison (apparently by a corrections officer) in March 2018, reported the incident two years later, and was disciplined for defending himself. The petition also alleges prison personnel stole mail and other property belonging to Strader. The incidents are vaguely described in the two-page pleading.

In the district court and on appeal, the Kansas Department of Corrections principally argues that Strader was obligated to exhaust administrative remedies—internal departmental procedures for reviewing inmate grievances about their treatment and prison conditions—and has not shown he did so. The Department rests its position on K.S.A. 75-52,138. The statute states:

> "Any inmate in the custody of the secretary of corrections or in a county jail, prior to filing any civil action naming the state of Kansas, any political subdivision of the state of Kansas, any public official, the secretary of corrections, the warden, the sheriff, or an employee of the department of corrections or the county, while such employee is engaged in the performance of such employee's duty, as the defendant pursuant to the rules of civil procedure, shall have exhausted such inmate's administrative remedies, established by rules and regulations promulgated by the secretary of corrections or by county resolutions, concerning such civil action. Upon filing a petition in a civil action, such inmate shall file with such petition proof that the administrative remedies have been exhausted." K.S.A. 75-52,138.

Typically, a failure to exhaust administrative procedures precludes a party from pursuing a Chapter 60 civil action for relief, and the Kansas Supreme Court has held K.S.A. 75-52,138 imposes such a bar on inmates bringing suits for personal injuries or other state law claims. *Sperry v. McKune*, 305 Kan. 469, 483, 384 P.3d 1003 (2016). Without discussion, the court cited K.S.A. 75-52,138 as support for the proposition that an inmate must exhaust administrative remedies before filing a petition under K.S.A. 60-1501. *Battrick v. State*, 267 Kan. 389, 398, 985 P.2d 707 (1999).

2

The district court found that Strader failed to establish he had exhausted his administrative remedies and dismissed the second amended petition. In addition, the district court characterized the allegations of the second amended petition as conclusory and so lacking in detail they neither could be reasonably assessed as sufficient to require an answer nor fairly countered in an answer. Strader has appealed.

The Department again relies on K.S.A. 75-52,138 in urging us to affirm the district court. As the parties have briefed the appeal, we see no disputed facts and confront what is essentially a question of law turning on the proper reading and application of K.S.A. 75-52,138. Accordingly, we owe no particular deference to the district court. *Jarvis v. Kansas Dept. of Revenue*, 312 Kan 156, 159, 473 P.3d 869 (2020) (appropriate reading of statute presents question of law); *In re Estate of Oroke*, 310 Kan. 305, 310, 445 P.3d 742 (2019) ("Application of legal principles to undisputed facts involves questions of law subject to de novo review."). There are two components to the argument: (1) Does K.S.A. 75-52,138 apply to 60-1501 habeas corpus actions? and (2) if so, did Strader comply with the statute?

As to the first, the *Sperry* decision offers no guidance because it involved a standard Chapter 60 civil action rather than a habeas corpus proceeding. Moreover, after *Sperry*, the Kansas Supreme Court recognized that 60-1501 proceedings are governed by "an independent legal framework establishing the procedural and substantive rules" that operate apart from the "ordinary rules of civil procedure." *Denney v. Norwood*, 315 Kan. 163, 175-76, 505 P.3d 730 (2022). But *Denney* does not mention, let alone consider, K.S.A. 75-52,138. We are constrained to follow *Battrick* and, on that basis, conclude K.S.A. 75-52,138 applies here. See *State v. Kane*, 57 Kan. App. 2d 522, 530, 455 P.3d 811 (2019) (Court of Appeals "duty bound" to follow Supreme Court precedent absent strong indication Supreme Court retreating from earlier ruling).

There is at least a colorable argument that the plain language of K.S.A. 75-52,138 limits the exhaustion requirements to actions "brought pursuant to the rules of civil procedure" and, thus, would not include habeas corpus proceedings. But Strader has not gone down that road on appeal. And we won't on our own. In any event, the journey would be a short one for us in light of *Battrick*.

We turn to whether Strader has shown he exhausted any applicable administrative remedies in conformity with K.S.A. 75-52,138. He has not. In his second amended petition, Strader recites that he "has filed requests for review of disciplinary actions" and that the relevant documents are part of the record. The recitation is doubly flawed. First, it does not even assert exhaustion. At best, the language describes initiation—not completion—of an internal review process. Second, K.S.A. 75-52,138 requires inmates to file documents evidencing exhaustion of administrative remedies with their petitions. Strader did not do so. He simply suggested materials somewhere in the record supported exhaustion. Neither district courts nor appellate courts are required to search the record in a given case to find support for a party's representations when the party provides no pinpoint citation to where that support may be found.

Moreover, the statute specifies that the materials showing exhaustion accompany the petition, so even a precise citation to the record would be technically deficient. In *Sperry*, the court stated that when K.S.A. 75-52,138 applies, as we have concluded it does here, the party filing a petition must furnish proof of exhaustion along with the pleading. 305 Kan. at 483. A passing reference to the record as a whole would not come close to meeting that requirement, falling well short of even substantial compliance.

The district court properly dismissed the second amended petition because Strader failed to show he complied with K.S.A. 75-52,138.

4

The district court's alternative basis for dismissing the second amended petition also appears sound. The pleading is exceptionally terse and includes only general factual representations laying out the claims. It probably would suffice as a petition under K.S.A. 2022 Supp. 60-208 that requires only notice pleading. See *Meyer Land & Cattle Co. v. Lincoln County Conservation Dist.*, 29 Kan. App. 2d 746, 756, 31 P.3d 970 (2001) (under K.S.A. 60-208, petition must recite at least "'bare bones'" of claim "in a concise and understandable manner"). The expectation is that the discovery process and motion practice will develop the facts and define the issues. See *Golden v. Den-Mat Corporation*, 47 Kan. App. 2d 450, 461, 276 P.3d 773 (2012).

But, as *Denney* recognized, 60-1501 actions have their own procedural rules, and the petition serves a different function requiring that the claims be pleaded in more detail. Upon receiving a 60-1501 petition, which unlike a Chapter 60 petition must be verified, the district court performs a gatekeeping function by reviewing the well-pleaded factual allegations and supporting exhibits to determine if the papers set forth a colorable claim for habeas corpus relief. To that end, the petition must describe the wrongful restraint or conditions imposed on the inmate and explain why they are unlawful. K.S.A. 60-1502. If the initial submission does, only then will the district court require a response from the appropriate government actor followed by a prompt hearing to determine the merits of the petition. *Denney*, 315 Kan. at 173.

The process is quite different from the extended pretrial maneuverings that routinely mark typical Chapter 60 litigation. In turn, the factual development of habeas corpus claims necessarily must be frontloaded—beginning with detailed allegations in the verified petition. Here, the second amended petition failed of that purpose and properly could have been dismissed for that reason, presumably subject to further amendment or refiling with requisitely detailed factual allegations.

Affirmed.