(915 P.2d 784)
No. 74, 177

RONALD PETERS, *Appellant*, v. KANSAS PAROLE BOARD, SECRETARY OF CORRECTIONS, *et al.*, *Appellees*.

Opinion filed March 1, 1996.

*Andrew B. Fletcher*, of Fletcher & Mathewson, P.A., of Wichita, for the appellant.

*Lawrence J. Logback*, assistant attorney general, and *Carla J. Stovall*, attorney general, for the appellees.

Before PIERRON, P.J., KNUDSON, J., and CAROL BACON, District Judge, assigned.

PIERRON, J.: Ronald Peters appeals the dismissal of his petition for writ of habeas corpus. Peters' arguments on appeal concern the Kansas Legislature's 1994 amendments to K.S.A. 60-1501 (Ensley), which added a 30-day statute of limitations on claims arising under the statute. See L. 1994, ch. 227, § 3. We affirm.

The facts in this case are uncontroverted. Peters was paroled from Lansing Correctional Facility in 1991 for a 5- to 20-year sentence for aggravated robbery. On April 23, 1993, the Department of Corrections issued a violation report charging Peters with absconding from parole supervision and leaving his parole district without permission. Since he was on parole in Oregon, Peters

waived extradition and returned to Kansas for a parole revocation hearing. On June 9, 1993, the Kansas Parole Board (KPB) revoked Peters' parole and set May 1994 for his next parole hearing.

Peters was denied parole on May 9, 1994. The action notice completed by the KPB stated the following reasons:

"After considering all the statutory factors contained in KSA 22-3717, the decision of the KPB is as follows: Pass to May 1996. Pass reasons: history of criminal activities [1968-burglary (1 year probation), 1969-robbery (270 days), 1970-failure to apperar [sic], 1970-possession of paraphernalic [sic], 1970-possession of marijuana, 1972-burglary, 1973-possession of stolen property, 1973-theft (7 years), unlawful possession of a controlled substance (5 years), assault on a peace officer, escape]; 5 times in prison; objections regarding parole."

Peters wrote a letter to the KPB objecting to his parole denial and demanding a new hearing. The KPB responded to Peters in a memo dated June 10, 1994, stating: "This is to acknowledge receipt of your recent correspondence to the Kansas Parole Board. The Board has reviewed your correspondence, along with your file, and their decision is no change in their previous action." The KPB sent an identical memo, except for the date, to Peters on July 7, 1994.

On August 8, 1994, Peters filed a petition for writ of habeas corpus pursuant to 60-1501. In the petition, Peters argues that there were irregularities in the conduct of his parole revocation hearing which rendered his confinement unlawful; that the KPB exceeded its authority, relied upon the wrong standards, and failed to give reasons for denying parole; and that the KPB considered inaccurate information regarding his criminal history.

On February 6, 1995, the KPB filed a motion to dismiss Peters' petition, claiming that he had failed to file the petition within 30 days of final action by the KPB as required by K.S.A. 60-1501 (Furse). In an order dated March 24, 1995, the district court agreed with the KPB and summarily dismissed Peters' petition. The relevant portion of the district court's decision states as follows:

"Briefly, the pleadings indicate that Peters was denied parole on May 9, 1994, by the Kansas Parole Board. Peters appealed this decision to the parole board and the appeal was denied on June 10, 1994. On July 1, 1994, K.S.A. 60-1501, as amended by L. 1994, Ch. 227, § 3, became effective, requiring all appeals by

inmates to be filed within 30 days of final action. Petitioner filed this petition for writ on August 8, 1994, some 59 days after his appeal was denied and 38 days after the above statute went into effect. The statute was in effect on the date of this action, and petitioner was required to comply with its mandate in order to file a valid petition.

"A district court may summarily dismiss a petition for failure to state a claim when it appears beyond doubt that the petitioner can prove no set of facts that would entitle him to relief. *Shepherd v. Davies*, 14 Kan. App. 2d 333, 335, 789 P.2d 1190 (1990). Even allowing respondent 30 days to file an appeal after the statute went into effect, it appears that petitioner's writ is untimely. Respondent's motion to dismiss will be granted."

Contrary to the standards of review cited by both parties in this case, our review is not based on the typical summary dismissal of a habeas corpus petition. If the district court had dismissed this case on the merits of Peters' arguments, our review would be whether the district court was correct in finding that it appeared beyond a doubt that Peters could prove no set of facts which would entitle him to relief. See *Payne v. Kansas Parole Board*, 20 Kan. App. 2d 301, 308, 887 P.2d 147 (1994). Here, the district court summarily dismissed Peters' habeas corpus petition as untimely in violation of the new 30-day rule in K.S.A. 60-1501 (Furse). Our review is based on the court's interpretation of the 1994 amendments to K.S.A. 60-1501 (Ensley). "Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *Foulk v. Colonial Terrace,* 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994).

For his first argument on appeal, Peters contends the district court erred in dismissing his petition for writ of habeas corpus because the 1994 amendments to 60-1501 cannot be retroactively applied to him. Peters states the district court could rely on the 30-day time limit in 60-1501 only if the statutory changes applied to a cause of action that had accrued but which had not yet been filed. The State responds that the district court dismissed Peters' petition because it had not been filed within the 30-day period following July 1, 1994, the effective date of the 1994 amendments, not 30 days after the final action of the KPB. Therefore, the State argues, it was not applied retroactively.

K.S.A. 60-1501(b) (Furse) provides that except as otherwise stated in K.S.A. 60-1507,

"an inmate in the custody of the secretary of corrections shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies."

Peters cites *Stevenson v. Topeka City Council,* 245 Kan. 425, 427, 781 P.2d 689 (1989), for authority that even though the 1994 amendments to 60-1501 were procedural in nature, applying the amendments to him had a substantive impact on his vested rights. Peters contends he has a substantive right to challenge his confinement. In *Stevenson,* the plaintiff had a personal injury claim against the City of Topeka. The statute of limitations on this action expired on July 23, 1987, and the plaintiff filed suit on July 21, 1987. The plaintiff sent a letter to the city attorney on June 24, 1987, notifying him of the injury and a claim for damages. On July 1, 1987, the amendments to K.S.A. 12-105b (Ensley) became effective and required a plaintiff to give the City formal notice of a claim and to receive the denial of that claim in whole or part before commencing a suit. 245 Kan. at 426.

The district court dismissed Stevenson's suit for failing to comply with the amendments to 12-105b. The Kansas Court of Appeals agreed with the district court, but the Kansas Supreme Court subsequently reversed the decision. The *Stevenson* court held that the 23 days from the enactment of the amendments to the date barring Stevenson's action was not a "reasonable time after the enactment of the statute for [appellant] to comply with the notice requirements before bringing suit." 245 Kan. at 429. The *Stevenson* court stated that although the amendments were procedural, the statute could not be given retroactive application because it would modify a vested right of Stevenson.

We find the facts of *Stevenson* are distinguishable because notice is not at issue in the present case and Peters had a "reasonable time after the enactment of the statute" to file his petition for writ of habeas corpus. The Kansas Legislature has determined that petitions for writ of habeas corpus under K.S.A. 60-1501 shall be filed

within 30 days of when the action was final. The intent of the legislature is clear. " 'It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.' " *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). The court in *Kinyon v. Soldiers' Compensation Board*, 118 Kan. 367, 368, 234 Pac. 949 (1925), stated: "The opinion of the legislature is entitled to great weight upon the question of the reasonableness of a particular time."

The KPB relies on the century-old rule found in *Sohn v. Waterson*, 84 U.S. 596, 21 L. Ed. 737 (1873), on appeal from the Circuit Court of the United States for the District of Kansas. In *Sohn*, the Supreme Court faced Kansas' newly enacted 2-year statute of limitations on actions on judgments of other states. The defendant had been a resident of Kansas since 1854 and had a judgment obtained against him in Ohio on October 17, 1854. The Kansas Legislature enacted the new statute on February 10, 1859, more than 4 years after the Ohio judgment. The plaintiff filed his action in Kansas in August 1870, and the case was dismissed based on the statute of limitations. The Supreme Court affirmed a retroactive application of the statute of limitations and held that holders of past causes of action had to be granted the full statutory time, measured from the statute's effective date, to bring their claims. Since the plaintiff had not filed his action within 2 years of the enactment of the statute, his action was barred. 84 U.S. at 600.

Allowing Peters 30 days from the enactment of the 1994 amendments to 60-1501 to file his claim is also supported by *Superior Engraving Co. v. National Labor Rel. Bd.*, 183 F.2d 783 (7th Cir. 1950), *cert. denied* 340 U.S. 930 (1951). The court relied on the "well-settled rule, expressed in such cases as [*Sohn*], that where a statute creates a period of limitations where none had previously existed, the period will begin to run with respect to preexisting claims, on the effective date of the statute." 183 F.2d at 789.

*In re Estate of Forrester*, 13 Kan. App. 2d 98, 762 P.2d 198, *rev. denied* 244 Kan. 737 (1988), is also instructive. In *Forrester*, this court considered a statute where the statute of limitations for filing a petition for probate of a will was shortened from 9 months to 6

months. K.S.A. 1985 Supp. 59-617 became effective after the testator's death but before the petition for probate had been filed. Relying upon the principles set forth in *In re Estate of Reed*, 157 Kan. 602, 142 P.2d 824 (1943), this court held the statute in effect when a petition is filed controls if there is reasonable time to commence the proceeding before the expiration of the shortened limitation period provided in the amended statute. Therefore, since the appellant had 3 months remaining in which to file the petition under the amended statute, a reasonable amount of time, the statute was given retroactive application. 13 Kan. App. 2d at 104.

Pursuant to *Sohn, Superior Engraving Co.*, and *Forrester*, the 30-day rule enacted by the legislature in 1994 applies to a cause of action which has accrued but which has not yet been filed. However, the above cases support the argument that the statute of limitations started running from July 1, 1994, the enactment date of the amendments, not June 10, the date of the final action of the KPB. Unfortunately for Peters, he filed his petition for writ of habeas corpus on August 8, 1994, outside of the 30-day period following July 1, 1994. Therefore, the district court correctly dismissed Peters' petition.

We also find no merit in Peters' argument that July 7, 1994, the date he received the second KPB memo, is the date upon which the KPB's action was final. Peters concedes he received the KPB's first memo dated June 10, 1994, informing him that the KPB had considered his letter, reviewed his file, and decided not to change its decision denying his parole. Other than to state the memos were identical in content, Peters does not provide any arguments as to why the date of the second memo should control.

The district court ruled correctly in this matter. Peters did not file his petition for writ of habeas corpus within 30 days of the final action of the KPB or within 30 days of the effective date of the 1994 amendments to 60-1501, and therefore his petition is barred.

Affirmed.