NOT DESIGNATED FOR PUBLICATION

No. 115,015

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARK WARES,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.


MEMORANDUM OPINION


Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed March 10, 2017. Affirmed.


*Mark Wares*, pro se appellant.


*Fred W. Phelps, Jr.,* legal counsel, Kansas Department of Corrections, for appellee.


Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

*Per Curiam*: Mark Wares appeals the district court's dismissal of his K.S.A. 2016 Supp. 60-1501 petition as untimely, moot, and for failing to state a claim. Our examination of the record reflects the district court's decision was correct. We affirm.


FACTS


In 1987, Wares was convicted of aggravated sexual battery and terroristic threat in Seward County case No. 87-CR-104. He was sentenced to 2 to 10 years' imprisonment for aggravated sexual battery concurrent with 1 to 5 years' imprisonment for terroristic

1

threat. Wares was released on parole in June 1990. While on parole, Wares committed new offenses on November 23, 1991, in Finney County case No. 91-CR-572. He was sentenced to 15 to 30 years' imprisonment for kidnapping, consecutive to 5 to 15 years' imprisonment for aggravated battery. The district court further ordered his sentence in 91-CR-572 run consecutive to his sentence in 87-CR-104. On June 1, 1992, the Kansas Parole Board (KPB) revoked Wares' parole in 87-CR-104 and imposed a 2-1/2 year penalty on Wares' parole eligibility date.

In April 2004, Wares appeared before the KPB for a hearing. The KPB denied parole and deferred subsequent parole hearings for 5 years. At the 2009 hearing, Wares was again denied parole. The KPB deferred subsequent parole hearings for 8 years and 8 months. On August 19, 2015, Wares filed a petition for writ of habeas corpus pursuant to K.S.A. 2016 Supp. 60-1501. In his petition, Wares alleged: (1) the 2-1/2 year penalty imposed when KPB revoked his parole in 87-CR-104 was unlawful; (2) he should have been granted his first parole hearing in June 2001 rather than April 2004; (3) aggregation of his sentences to determine his parole eligibility date was unlawful; and (4) the Kansas Department of Corrections (DOC), the Prisoner Review Board (PRB), and the KPB all "conspire[ed] to force [Wares] to serve more time than required by statute."

The district court dismissed Wares' petition, finding his claims were untimely, moot, and failed to state a claim for which relief could be granted. Wares timely appealed.

ANALYSIS

*Wares' parole-eligibility claims are without merit.*

An appellate court reviews a district court's decision on a K.S.A. 2016 Supp. 60-1501 petition to determine whether the district court's factual findings are supported by

2

substantial competent evidence and are sufficient to support its conclusions of law. The district court's conclusions of law are subject to de novo review. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004).

To state a claim for relief under K.S.A. 2016 Supp. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009).

> "Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists. [Citations omitted.] An appellate court reviews a summary dismissal de novo." *Johnson*, 289 Kan. at 648-49.

Wares argues KPB incorrectly determined his parole eligibility date, asserting he should have been granted a parole hearing in June of 2001. He further asserts the 2-1/2 year penalty imposed by KPB when it revoked his parole in his 1987 case was improper. Heimgartner argues Wares' claims are both moot and barred by the 30-day statute of limitations in K.S.A. 2016 Supp. 60-1501(b). We believe Heimgartner is correct.

*Wares' claims are moot.*

As a general rule, an appellate court does not decide moot questions or render advisory opinions. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). The mootness doctrine is not a question of jurisdiction; it is a court policy which recognizes that the role of a court is to ""determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive."' *State v. Bennett*, 288 Kan. 86, 89, 200 P.3d 455 (2009)

(quoting *Board of Johnson County Comm'rs. v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 [1996])." *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 886 (2012). However,

> "'[a]n appeal will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned.' *In re M.R.*, 272 Kan. 1335, Syl. ¶ 2, 38 P.3d 694 (2002)." *Montgomery*, 295 Kan. at 840.

Wares is currently parole eligible and has had two hearings before the KPB since 2001—one in 2004 and one in 2009. Since Wares has been before the KPB twice since 2001, his complaint about the lack of a hearing in 2001 is moot. See *Redford v. Heimgartner*, No. 113,022, 2015 WL 4758702, at *1, 3 (Kan. App.) (unpublished opinion), *rev. denied* 303 Kan. 1078 (2015) (inmate's claim he should have been parole eligible at an earlier date was moot after he became parole eligible). Next, we will discuss the untimeliness of Wares' petition.

*Wares' claims are barred as untimely*.

Wares' claims relate to KPB's actions in 1992 and 2001. He did not file his 1501 petition until August 19, 2015. K.S.A. 2016 Supp. 60-1501(b) provides:

> "Except as provided in K.S.A. 60-1507, and amendments thereto, an inmate in the custody of the secretary of corrections shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies."

Kansas appellate courts view K.S.A. 2016 Supp. 60-1501(b) as a statute of limitations for habeas corpus petitions. See *Battrick v. State*, 267 Kan. 389, 401, 985 P.2d

707 (1999). However, a statutory deadline or time limit for taking action will not be treated as creating a jurisdictional bar to judicial review unless the statute clearly reflects such a legislative intent. See *Chelf v. State*, 46 Kan. App. 2d 522, 530-33, 263 P.3d 852 (2011). "The language in K.S.A. 60-1501(b) setting out the 30-day period for filing contains nothing indicative of a jurisdictional limitation. The omission of jurisdictional indicators bolsters our conclusion that K.S.A. 60-1501(b) is a statute of limitations." *Knittel v. Kansas Prisoner Review Bd.*, No. 111,552, 2014 WL 6777450, at *1, 3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1046 (2015).

> "Statutes of limitations do not impose jurisdictional bars and may be waived. See *Diversified Financial Planners, Inc. v. Maderak,* 248 Kan. 946, 948, 811 P.2d 1237 (1991). They are also subject to equitable exceptions. See *Young v. United States,* 535 U.S. 43, 49, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002) ('hornbook law' that limitations periods subject to equitable tolling); *Dunn v. Dunn,* 47 Kan. App. 2d 619, 639, 281 P.3d 540 (2012) (party may be equitably estopped from asserting statute of limitations defense)." *Knittel*, 2014 WL 6777450, at *3.

Wares' 30-day time limit on his complaints set forth in K.S.A. 2016 Supp. 60-1501(b) ran long ago in 1994 and 2001. His claim regarding KPB's imposition of the 2-1/2 year penalty in 1992 should have been filed no later than 30 days after the effective date of the 1994 amendments to K.S.A. 60-1501. See K.S.A. 60-1501 (Furse 1994); *Peters v. Kansas Parole Bd., Secretary of Corrections*, 22 Kan. App. 2d 175, 180, 915 P.2d 784 (1996). Wares' claim regarding the denial of a parole hearing in 2001 should have been filed within 30 days of the date the action became final. K.S.A. 60-1501(b); *Peters*, 22 Kan. App. 2d at 180; *Knittel*, 2014 WL 6777450, at *3.

Although not a jurisdictional bar, Wares' failure to file his petition within the 30-day time limit of K.S.A. 2016 Supp. 60-1501(b) is fatal to his claim. See *Peters*, 22 Kan. App. 2d at 180 (inmate's claim filed after 30-day time limit properly denied as time

barred where it arose from a distinct and single act). The district court correctly determined Wares' petition was untimely and subject to dismissal.

*It is proper to aggregate sentences to calculate parole eligibility.*

Wares argues his sentences have been improperly aggregated. He asserts his sentences for each crime are distinct and should not be aggregated to determine his parole eligibility date. This argument was explicitly rejected in *Anderson v. Bruce*, 274 Kan. 37, 50, 50 P.3d 1 (2002) (holding while consecutive sentences retain their individual identity, they are subject to aggregation for purposes of calculating parole eligibility). Additionally, we are duty bound to follow Kansas Supreme Court precedent where there is no indication that the Supreme Court is departing from its previous position. *State v. Meyer,* 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Wares' argument is without merit. Further, the issue is moot as Wares is currently parole eligible. See *Redford*, 2015 WL 4758702, at *3 (inmate's claim he should have been parole eligible at an earlier date was moot after he became parole eligible).

*Wares' conclusory claims are unsupported by the record.*

Wares' final argument alleges the KPB, DOC, and PRB have all conspired to violate his statutory and constitutional rights. His allegations are wholly conclusory in nature, and he provides no citation to the record in support thereof.

Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) requires an appellant provide specific citations to the record on appeal in support of a claim of error. Our Supreme Court has held Rule 6.02(a)(5) is to be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). An appellant who fails to comply with this rule risks a ruling that the issue is improperly briefed and will be deemed waived and abandoned. See *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Because

6

Wares has failed to cite to the record in support of his claim, we find his conclusory claims waived and abandoned.

      Affirmed.