NOT DESIGNATED FOR PUBLICATION

No. 117,350

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

IBRAHEEM R. ALI,
*Appellant*,

v.

JAMES HEIMGARTNER, et al.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed December 1, 2017. Affirmed.

*Ibraheem R. Ali*, appellant pro se.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellee.

Before MALONE, P.J., LEBEN, J., and KEVIN P. MORIARTY, District Judge, assigned.

PER CURIAM: Ibraheem R. Ali appeals the district court's denial of his K.S.A. 2016 Supp. 60-260 motion. Ali argues that his original K.S.A. 2012 Supp. 60-1501 petition was improperly summarily dismissed and that the district court erred in finding that the judgment on the K.S.A. 2012 Supp. 60-1501 petition was not void.

The Kansas Department of Corrections (KDOC) also appeals the district court's denial of sanctions against Ali. KDOC argues that the district court abused its discretion in failing to impose monetary sanctions against Ali for his frivolous claims.

1

FACTS

On September 24, 2007, Ali, an inmate housed at El Dorado Correctional Facility, received a disciplinary report for dangerous contraband, avoiding an officer, and violation of statutes. Ali was convicted and was sanctioned. Ali appealed his conviction to the Secretary of Corrections on October 15, 2007. The Secretary upheld the conviction, and Ali received notice of the Secretary's decision on November 15, 2007. Nearly five and one-half years passed without further action on this matter. Then on June 3, 2013, Ali petitioned for a writ of habeas corpus, under K.S.A. 2012 Supp. 60-1501, contesting the Secretary's decision from 2007. The district court dismissed the petition as untimely.

Three years after the district court's dismissal of his petition, Ali moved for relief from judgment under K.S.A. 2016 Supp. 60-260, alleging that the district court's dismissal was void. In response, KDOC moved for sanctions on Ali alleging misuse and abuse of judicial resources. The district court denied both motions on January 12, 2017. Both parties timely appeal.

ANALYSIS

Ali's current appeal stems from the district court's denial of his motion for relief from judgment under K.S.A. 2016 Supp. 60-260. In his motion Ali alleged that the district court's judgment was void. "A judgment is void and therefore a nullity if a court lacked jurisdiction to render it or acted in a manner inconsistent with due process. [Citations omitted.]" *In re Adoption of A.A.T.*, 287 Kan. 590, 598, 196 P.3d 1180 (2008). In his motion, Ali alleged that the summary dismissal of his K.S.A. 2012 Supp. 60-1501 petition violated his due process rights. Ali relies on *Dunlap v. Heimgartner*, No. 113,955, 2016 WL 2775579 (Kan. App. 2016) (unpublished opinion), to show that he was entitled to a hearing. However, Ali's reliance on *Dunlap* is misplaced. *Dunlap* does not require a hearing for all K.S.A. 60-1501 petitions. 2016 WL 2775579, at *8-9. To

2

properly address Ali's current appeal, this court must decide whether the district court acted properly by summarily dismissing Ali's K.S.A. 2012 Supp. 60-1501 petition as untimely.

Whether a district court erred by summarily dismissing a K.S.A. 60-1501 petition raises a question of law. An appellate court exercises unlimited review of a summary dismissal. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009).

Under K.S.A. 2012 Supp. 60-1501(b):

"Except as provided in K.S.A. 60-1507, and amendments thereto, an inmate in the custody of the secretary of corrections shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies."

Failure to file a petition within 30 days, plus the extension during the pendency of the exhaustion of administrative remedies, bars the petition. *Peters v. Kansas Parole Board*, 22 Kan. App. 2d 175, 177-78, 915 P.2d 784 (1996).

In this case, Ali was not even remotely close to filing his appeal within the allotted 30-day period. Ali received notice of the Secretary's decision on November 15, 2007. Ali did not file his petition under K.S.A. 2012 Supp. 60-1501 until June 3, 2013.

Ali attempts to make an argument for filing out of time. However, his argument is unpersuasive. K.S.A. 2012 Supp. 60-1507 is inapplicable to disciplinary actions, which is what Ali is contesting. See *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211 (1994) (K.S.A. 60-1507 challenges conviction or sentence, whereas K.S.A. 60-1501 challenges mode or conditions of confinement, including administrative actions of the

prison). Given the extreme delay, the district court's summary dismissal of Ali's K.S.A. 2012 Supp. 60-1501 petition was warranted.

There is no evidence to suggest that the district court acted in a manner inconsistent with due process or lacked jurisdiction when it summarily dismissed Ali's K.S.A. 2012 Supp. 60-1501 petition. Therefore, the district court did not err when it denied Ali's 2016 motion for relief from judgment under K.S.A. 2016 Supp. 60-260.

The imposition of sanctions is discretionary with the district court and its ruling will not be disturbed on appeal absent an abuse of discretion. *Wood v. Groh*, 269 Kan. 420, 430, 7 P.3d 1163 (2000). A judicial action constitutes an abuse of discretion if: (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

The district court did not provide the parties with any detailed reasons for the denial of the attorney fees requested by KDOC in this matter. However, a litigant must object to inadequate findings of fact and conclusions of law before the district court to preserve an issue for appeal. See *Dragon v. Vanguard Industries*, 282 Kan. 349, 356, 144 P.3d 1279 (2006). This court ordinarily presumes that the district court found all facts required to support its judgment. *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009).

K.S.A. 2016 Supp. 60-211(c) and (f) allows monetary sanctions to be imposed upon an inmate's account if the court finds that subsection (b) of the statute has been violated. Subsection (b) sets forth the requirements for proper representations to the court. If the district court finds that subsection (b) has been violated, it is within the district court's discretion to sanction the violating party. *Bloom v. Cline*, No. 110,763, 2014 WL 5347375, at *7 (Kan. App. 2014) (unpublished opinion).

4

In *Wood*, the Kansas Supreme Court held that when determining whether to sanction a party the court should take the following factors into consideration:

"(1) whether the improper conduct was willful or negligent;

"(2) whether it was part of a pattern of activity or an isolated event;

"(3) whether it infected the entire pleading or only one particular count or defense;

"(4) whether the person has engaged in similar conduct in other litigation;

"(5) whether it was intended to injure;

"(6) what effect it had on the litigation process in time or expense;

"(7) whether the responsible person is trained in the law;

"(8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and

"(9) what amount is needed to deter similar activity by other litigants." 269 Kan. at 431.

In this case, the district court's response to KDOC's motion for sanctions was brief. The court stated: "The Court has considered [KDOC's] request for sanctions against [Ali] for filing a frivolous action and denies the same. While [Ali's] actions are borderline, the court finds that filing the motion for relief was merely ill-advisedly attempted, *de minimus* and unnecessary." The record does not indicate whether the district court or KDOC considered the factors set out in *Wood*. KDOC did not request the district court to make additional findings on the issue of sanctions. Since the presumption is the district court considered all facts necessary to deny KDOC's request for sanctions, this court cannot find the district court abused its discretion when denying KDOC's request for sanctions.

Affirmed.

5