No. 119,869

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CEDRIC PETERSON,
*Appellant*,

v.

DAN SCHNURR,
*Appellee.*

SYLLABUS BY THE COURT

1.

Under K.A.R. 44-15-101a(d)(2), inmates may not use the grievance procedure to challenge the censorship of publications.


2.

Because the grievance procedure is not an available administrative remedy for an inmate challenging the censorship of a publication, filing a grievance does not toll the time to file a K.S.A. 60-1501 petition.


Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed July 19, 2019. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee.


Before BUSER, P.J., PIERRON and BRUNS, JJ.


PIERRON, J.: Cedric Peterson is an inmate at Hutchinson Correctional Facility (HCF). HCF withheld several editions of a newspaper he had subscribed to, and he

appealed the seizure of two of the seized editions. The Secretary of Corrections' designee affirmed the seizures. Peterson later filed a K.S.A. 2017 Supp. 60-1501 challenging the seizures. The district court summarily dismissed the petition because it was not timely filed. Peterson appeals. Finding no error, we affirm.

FACTS

In 2017, the publication review officer at HCF withheld the May through November editions of a newspaper Peterson had subscribed to. The newspaper's content was found to pose a threat to the safety and security of the facility under K.A.R. 44-12-601 (2017 Supp.). Peterson appealed the seizure of the June edition, and the Secretary's designee affirmed the review officer's decision on July 31, 2017. Peterson also appealed the seizure of the October edition, and the Secretary's designee again affirmed the review officer's decision on December 6, 2017. He did not appeal the seizures of the other editions.

Peterson then filed an inmate grievance on December 12, 2017. He complained about "the practices of the HCF mailroom" and claimed "the practice and policy to censor this newspaper is explicitly raced-based." The grievance was denied, stating that under Internal Management Policies and Procedures (IMPP) 12-134, all incoming mail would be reviewed and someone would determine whether to allow it into the facility. Peterson forwarded the grievance to the warden. On December 18, 2017, the warden responded that K.A.R. 44-15-101a(d)(2) does not permit inmates to use the grievance procedure in place of, or as part of, the procedure for censoring publications.

Peterson then filed a K.S.A. 2017 Supp. 60-1501 petition in the district court on January 16, 2018. He argued the Kansas Department of Corrections (KDOC) was not properly applying K.A.R. 44-12-601 (2017 Supp.), and its policies for the censorship of

2

mail violated his First Amendment right to receive mail. The court summarily denied his petition. The court found Peterson had exhausted his administrative remedies for the seizures of the June and October editions, and his K.S.A. 2017 Supp. 60-1501 petition was untimely because he did not file it within 30 days from the date those actions were final. Peterson appeals.

ANALYSIS

Peterson argues the district court erred in summarily dismissing his K.S.A. 2017 Supp. 60-1501 petition. He points out that he filed a grievance on December 12, 2017. He claims this grievance tolled the time he had to file his K.S.A. 2017 Supp. 60-1501 petition.

Whether a district court erred by summarily dismissing a K.S.A. 2017 Supp. 60-1501 petition raises a question of law. An appellate court exercises unlimited review of a summary dismissal. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009).

K.S.A. 2017 Supp. 60-1501(b) provides that an inmate wanting to file a habeas petition challenging some action taken against him or her must do so "within 30 days from the date an action becomes final." This deadline is extended while the inmate timely tries to exhaust his or her administrative remedies. K.S.A. 2017 Supp. 60-1501(b). An inmate's failure to file a petition within 30 days, plus the extension while the inmate exhausts administrative remedies, bars the petition. *Peters v. Kansas Parole Board*, 22 Kan. App. 175, 180, 915 P.2d 784 (1996).

Peterson challenged the seizure of his mail. Under Kansas administrative regulation, inmates' incoming mail may be censored if there is reason to believe it poses a threat to institutional safety or security. K.A.R. 44-12-601(d)(1)(A) (2017 Supp.). When

3

mail is censored, the inmate must be given a written notice and has 15 days to protest the decision. K.A.R. 44-12-601(d)(2)(A) and (C) (2017 Supp.). The Secretary of Corrections or the Secretary's designee reviews the protest and issues a final disposition. K.A.R. 44-12-601(d)(2)(D) (2017 Supp.). IMPP 12-134A provides more detail on the policies and procedures for the review of mail by correctional facilities. It also states that an inmate has 15 days to appeal the censorship of any publication, and the Secretary or Secretary's designee will issue the final disposition. IMPP 12-134 was revoked and incorporated into IMPP 12-134A in April 2016.

Because Peterson challenged the seizure of only the June and October editions of his newspaper, the district court properly found he did not exhaust his administrative remedies for the other editions. See K.S.A. 75-52,138 (requiring inmates to exhaust all administrative remedies before filing civil action). Peterson's protest of the decisions to seize his newspaper would have become final when the Secretary's designee upheld the decision. See K.A.R. 44-12-601(d)(2)(D) (2017 Supp.); IMPP 12-134A. So to be timely, Peterson would have had to file his K.S.A. 2017 Supp. 60-1501 petition within 30 days of those dates.

The Secretary's designee affirmed the decision to seize the June edition of Peterson's newspaper on July 31, 2017, 169 days before he filed his K.S.A. 2017 Supp. 60-1501 petition on January 16, 2018. The Secretary's designee affirmed the decision to seize the November edition of Peterson's newspaper on December 6, 2017, 41 days before he filed his K.S.A. 2017 Supp. 60-1501 petition. Thus, Peterson's petition is not timely for either final action.

Peterson responds that his petition is timely because his grievance tolled the deadline for filing. He filed his grievance on December 12, 2017, six days after the Secretary's designee upheld the seizure of the October edition of his newspaper. On December 18, 2017, he received a response from Schnurr informing him that his

4

challenge was not a grievable issue. Based on these facts, Peterson argues that the action became final on December 18. He then had 30 days to file his K.S.A. 2017 Supp. 60-1501 petition. Because he filed his petition 29 days later on January 16, 2018, he contends he was within the 30-day time limit.

Peterson's argument lacks merit. Administrative regulation governs the inmate grievance procedure. K.A.R. 44-15-101a. That regulation states that the grievance procedure applies "to a broad range of matters that directly affect the inmate." K.A.R. 44-15-101a(d)(1).

Inmates may not use the grievance procedure "as a substitute for, or a as a part of . . . the procedure for censorship of publications specified in the secretary's internal management policy and procedure." K.A.R. 44-15-101a(d)(2).

In his grievance, Peterson challenged HCF's censorship policy and the seizure of his newspaper. But by regulation, Peterson could not use the grievance procedure as part of the procedure for censorship of publications under internal management policies. Because this was not an available administrative remedy for Peterson, the 30-day time limit was not tolled while he needlessly filed an administrative grievance. We affirm the dismissal.

Affirmed.