No. 120,233

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES JAMERSON,
*Appellant*,

v.

DAN SCHNURR, et al.,
*Appellees*.

SYLLABUS BY THE COURT

As a matter of first impression, an inmate's timely attempt to exhaust administrative remedies remains pending and does not become final for purposes of calculating the 30-day deadline for filing a K.S.A. 60-1501 petition with the district court, until the inmate receives actual notice of the final administrative decision.

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed November 15, 2019. Reversed and remanded with directions.

*Shannon S. Crane*, of Hutchinson, for appellant, and *James Jamerson*, appellant pro se.

*Jon D. Graves*, legal counsel, of Kansas Department of Corrections, for appellees.

Before STANDRIDGE, P.J., PIERRON and ATCHESON, JJ.

STANDRIDGE, J.: James Jamerson, an inmate confined at the Hutchinson Correctional Facility, appeals from the district court's decision to dismiss his K.S.A. 60-1501 petition based on his failure to timely exhaust administrative remedies. For the reasons stated below, we find Jamerson sufficiently alleged he both exhausted his

1

administrative remedies and timely filed his petition for relief after exhaustion. As such, we reverse the district court's decision and remand for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

In 2001, Jamerson pled no contest to second-degree murder, aggravated robbery, and conspiracy to commit aggravated robbery. The district court sentenced Jamerson to a total of 288 months in prison.

In January 2016, the district court recalculated Jamerson's criminal history score and resentenced him using the new score.

In February 2016, after he was resentenced, the KDOC unilaterally (without a hearing) took away Jamerson's good time credits, withholding 193 days and deeming 145 days to have been forfeited by Jamerson.

In May 2016, Jamerson filed a K.S.A. 60-1501 petition challenging the KDOC's February 2016 good time credit decision (2016 habeas petition).

In June 2016, the district court summarily denied the 2016 habeas petition, finding Jamerson had failed to allege sufficient facts in his petition to establish error in the KDOC's February 2016 good time credit calculation.

On July 25, 2016, Jamerson filed a posttrial motion in the 2016 habeas case. Although the motion was styled as a motion for reconsideration, Jamerson did not ask the district court to reconsider its decision finding he had failed to allege sufficient facts to establish error in the KDOC's February 2016 good time credit calculation. Instead, Jamerson alleged—for the first time—that the KDOC deprived him of his right to due

2

process of the law by failing to provide him a due process hearing before taking good time credits away from him.

On August 5, 2016, in apparent response to Jamerson's motion, the KDOC held a due process hearing to calculate the amount of good time credit owed to Jamerson in the wake of his resentencing. After hearing the evidence, the KDOC corrected the number of good time credit days taken away. Jamerson appealed that decision to the Secretary of Corrections.

On August 11, 2016, the district court held a hearing on Jamerson's motion. At this hearing, the KDOC records custodian explained that a due process hearing had been held the week before, that Jamerson had appealed the decision from the due process hearing to the Secretary of Corrections, and that the Secretary had not yet issued a decision. Given a due process hearing had been held, the district court construed Jamerson's motion as one challenging the KDOC's August 2016 good time credit calculation. The court then denied the motion as not yet ripe for district court review because the Secretary was still considering the issue on administrative appeal:

> "'It does appear that the issue of good time credits, if not exactly the same but a similar claim which is alleged in [Jamerson's] current administrative proceeding and that was also brought as an initial claim in this Court, are of sufficient similarity that the Court will enforce the law, and the law requires him to have exhausted and filed proof of his administrative remedies before bringing his action to the district court for resolution. I believe . . . that this case is not yet ripe for a determination of good time credits here in the district court. . . . It's clear that [Jamerson's] good time credit issue is still before the secretary of corrections and has not been finally determined through the administrative process.'" *Jamerson v. Heimgartner*, No. 116,762, 2017 WL 2833295, at *1 (Kan. App. 2017) (unpublished opinion).

3

On June 30, 2017, a panel of this court affirmed the district court, holding:

"Although the record indicates that Jamerson had exhausted his administrative remedies before filing his May 2016 petition, the same cannot be said of Jamerson's July 2016 motion. Although that motion was styled as a motion for reconsideration, it did not request that the district court reconsider its prior ruling about the amount of good-time credits but instead presented a wholly different due process issue. Jamerson's novel due process argument in his motion for reconsideration triggered KDOC administrative proceedings that were still in progress on the date of the district court hearing. Accordingly, the district court did not err in finding that Jamerson had failed to exhaust his administrative remedies relating to the due process issue." 2017 WL 2833295, at *2.

On August 2, 2017, Jamerson filed a second K.S.A. 60-1501 petition challenging the legality of the KDOC's August 2016 good time credit calculation (2017 habeas petition).

On August 21, 2017, the State filed a response to the 2017 habeas petition, in which it requested the district court dismiss the petition because Jamerson failed to allege final action by the Secretary on the issue presented (exhaustion of administrative remedies) and, even if he had alleged final action, Jamerson did not file his 2017 habeas petition within 30 days from the date the action was final.

On August 30, 2017, the district court held a hearing to consider exhaustion and timeliness issues related to the 2017 habeas petition. Jamerson appeared at the hearing in person, pro se. The State appeared by and through its attorney of record. At the hearing, Jamerson argued against dismissal and explained to the court why he believed the good time credit claim in his 2017 petition had been preserved for review. The court ultimately continued the hearing so Jamerson could provide a written explanation of his position.

On September 2, 2017, Jamerson provided that written explanation. Specifically, Jamerson asserted he did not receive notice of the Secretary's final decision regarding the KDOC's August 2016 good time credit calculation until July 28, 2017, and that he submitted his 2017 habeas petition that same day. Based on these assertions, Jamerson argued he had both exhausted his administrative remedies and filed his 2017 habeas petition within 30 days of receiving notice of the Secretary's action.

On September 21, 2017, the district court dismissed Jamerson's 2017 habeas petition. Jamerson appeals.

ANALYSIS

Although we have attempted to set forth a straightforward chronology above, the overlapping sequence of events has created a procedural history that is muddled at best. To summarize, however, Jamerson filed two K.S.A. 60-1501 petitions, both of which challenge the KDOC's calculation of his good time credits after he was resentenced in 2016. The first petition asked the district court to restore the good time credits unilaterally taken from him (without a hearing) by the KDOC in February 2016 (the 2016 petition). The second petition asked the court to restore the good time credits taken from him by the KDOC after a due process hearing (the 2017 petition). This appeal is from the district court's decision to dismiss the 2017 petition.

Under K.S.A. 60-1501, an inmate in the custody of the Secretary of Corrections may seek a writ of habeas corpus in the county where the inmate is confined, alleging that his or her conditions of confinement violate due process. *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Before filing a civil action naming the Secretary, the warden, or other KDOC employees as the defendant, the inmate is required to exhaust administrative remedies through procedures established by the Secretary. K.S.A. 75-52,138; *Sperry v. McKune*, 305 Kan. 469, Syl. ¶ 5, 384 P.3d 1003 (2016). An inmate

5

filing a K.S.A. 60-1501 petition must do so within 30 days from the date the action becomes final. K.S.A. 2018 Supp. 60-1501(b).

The district court dismissed Jamerson's 2017 habeas petition "for failure to allege exhaustion and failure to allege facts that shows it was filed within 30 days of exhaustion." In support of this conclusion, the district court made the following findings of fact:

> "The Petitioner has to allege and prove that he received a final decision from the *Secretary of Corrections*. We assume that did happen, but he does not make that claim, and does not allege the date that it occurred so we can calculate whether this case was filed within 30 days of that date."

With regard to the district court's conclusion that Jamerson failed to exhaust his administrative remedies, the court's factual findings are not supported by substantial competent evidence in the record. In fact, by expressly assuming that Jamerson received a final decision from the Secretary of Corrections, the court's findings support a conclusion that Jamerson *did* exhaust his administrative remedies.

So that leaves us with the district court's conclusion that summary dismissal was proper because Jamerson failed to allege facts to show that he filed his 2017 habeas petition within 30 days of exhaustion. An appellate court exercises de novo review over a district court's summary dismissal of a K.S.A. 60-1501 petition. *Johnson*, 289 Kan. at 649. When a district court has dismissed an inmate's 60-1501 petition without an evidentiary hearing, we credit the factual allegations of the petition and any reasonable inferences drawn from those allegations to determine whether the pleading states a claim for relief. *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008). If, under that relaxed standard, the petition describes a valid claim, then the district court typically should hear evidence on the claim. And because the court's conclusion was based on

6

statutory interpretation, it involves a question of law over which appellate courts have unlimited review. *Cady v. Schroll*, 298 Kan. 731, 734, 317 P.3d 90 (2014).

Inmate complaints are processed through a multi-level grievance procedure, beginning with informal problem solving within the inmate's unit team, moving on to complaints to the facility warden, and ending with a possible appeal to the Secretary of Corrections. K.A.R. 44-15-102. Although K.S.A. 2018 Supp. 60-1501(b) provides that an inmate must file a petition for writ within 30 days from the date the administrative action he or she complains of becomes final, the statute also provides that the 30-day time period is extended "during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies." K.S.A. 2018 Supp. 60-1501(b).

In support of its conclusion that Jamerson failed to file his 2017 habeas petition within 30 days of his administrative complaint becoming final, the district court stated as follows:

> "This Court assumes that at some point, unknown to this Court, the Secretary of Corrections did decide on [Jamerson]'s grievance which was appealed from the warden to the Secretary in April 2016. This Court assumes a decision was made by the Secretary sometime in the period August 2016 or perhaps later in the fall of that year. Whenever that did occur, [Jamerson] did not file a petition in this case until the summer of 2017."

The district court's findings are two-fold. First, the court assumed the Secretary made a decision on Jamerson's administrative complaint sometime in the fall of 2016. The court also found that Jamerson did not file his 2017 habeas petition until the summer of 2017. These are both findings of fact. Second, the court concluded that Jamerson's administrative complaint became final when the Secretary made that decision. This is a conclusion of law. For the reasons stated below, the court's finding of fact is not supported by substantial competent evidence and the court's conclusion of law is contrary to the plain language of the applicable statute.

7

We begin our discussion with the court's legal conclusion that Jamerson's administrative complaint became final when the Secretary made that decision. Under K.S.A. 2018 Supp. 60-1501(b), the 30-day time period begins on the date the administrative action becomes final, but that time period is tolled while the inmate's complaint is making its way through the administrative grievance procedure. The district court construed this statute to mean that the tolling period ends when a final administrative decision is issued. But construing the statute in this way is contrary to the plain language used in the statute, which provides that an action does not become final while the administrative grievance procedure is still pending. Although a final administrative decision may issue, the grievance procedure remains pending until the inmate receives actual notice of that final administrative decision. To find otherwise creates a process that is premised not on the actions of the inmate, but instead on the actions of the prison authorities over whom the inmate has no control and whose interests might be adverse to the inmate. See, e.g., *Peters v. Kansas Parole Board*, 22 Kan. App. 2d 175, 180, 915 P.2d 784 (1996) (the 30-day limitations period in which inmate had to file challenge to denial of parole commenced when inmate received memo from Kanas Parole Board affirming decision to deny parole).

For the reasons stated above, we conclude as a matter of first impression that, under K.S.A. 60-1501, an inmate's timely attempt to exhaust administrative remedies remains pending and does not become final for purposes of calculating the 30-day deadline for filing a K.S.A. 60-1501 petition with the district court, until the inmate receives actual notice of the final administrative decision.

We now turn to the district court's factual findings. First, the court assumed the Secretary made a final decision on Jamerson's administrative complaint "sometime in the period August 2016 or perhaps later in the fall of that year." By characterizing it as an assumption instead of a finding of fact, the court implicitly has acknowledged that the statement is not supported by evidence in the record. But even if there was evidence in

8

the record to establish that the Secretary made its final administrative decision in the fall of 2016, the date a final administrative decision was issued is not determinative for purposes of calculating the 30-day deadline for filing a K.S.A. 60-1501 petition with the district court. As we concluded above, Jamerson's timely attempt to exhaust his administrative remedies remained pending and did not become final for purposes of calculating the 30-day deadline for filing his K.S.A. 60-1501 petition with the district court, until the day he received actual notice of the Secretary's final administrative decision.

Notably, Jamerson's 2017 habeas petition did not identify the date upon which he received notice of the Secretary's final decision. And, although Jamerson's motion for reconsideration did include a document showing he did not receive notice of the Secretary's final action until July 28, 2017, we cannot consider this evidence. This is because Jamerson did not appeal from the court's decision to deny his motion to reconsider; as such, the district court's ruling on reconsideration is not properly before this court for review. See *Associated Wholesale Grocers, Inc. v. Americold Corporation*, 293 Kan. 633, 637, 270 P.3d 1074 (2011) (appellate court only obtains jurisdiction over rulings identified in the notice of appeal).

Although the petition did not identify the date he received notice and we cannot consider the document that did identify the date, the record reflects that Jamerson did inform the district court that he did not receive notice of the Secretary's final action until July 28, 2017. At a hearing held by the court on August 30, 2017, to consider the timeliness issue, Jamerson argued against the State's request to dismiss his petition. There is no transcript of this hearing but, in an order filed after the hearing, the court noted it would be helpful if Jamerson would provide a written explanation expressing why he believed his 2017 habeas petition remained a viable cause of action given the district court's decision to dismiss his 2016 habeas petition and the decision of the Court of Appeals affirming that decision.

9

Jamerson submitted his written explanation in a document dated September 2, 2017. The document was filed stamped September 8, 2017, and specifically requested the district court incorporate the document into the allegations previously set forth in his petition. In the document, Jamerson asserted he did not receive notice of the Secretary's final decision regarding the KDOC's August 2016 good time credit calculation until July 28, 2017, and that he submitted his 2017 habeas petition that same day. Based on these assertions, Jamerson argued he had both exhausted his administrative remedies and filed his 2017 habeas petition within 30 days of receiving notice of the Secretary's action.

On September 21, 2017, the district court dismissed the petition "for failure to allege exhaustion and failure to allege facts that show [his petition] was filed within 30 days of exhaustion." But the record reflects that almost two weeks *before* the court dismissed his petition, Jamerson filed a document with the court, at the court's request, alleging facts to show that his 2017 habeas petition was filed within 30 days of him receiving notice of the Secretary's final decision. The district court's finding to the contrary is not supported by any evidence in the record. In the absence of such evidence, there is no factual support for the district court's finding that Jamerson failed to allege facts that would show his 2017 habeas petition was filed within 30 days after exhaustion.

In sum, based on Jamerson's allegations that must be credited at this stage, we conclude his administrative appeal from the KDOC decision at the August 5, 2016 due process hearing did not become final—for purposes of calculating the 30-day deadline for filing a K.S.A. 60-1501 petition—until July 28, 2017. That is the day Jamerson alleged he both received actual notice of the final administrative decision and filed his 2017 habeas petition. Consistent with this allegation, the petition itself bears a date stamp of August 2, 2017. Therefore, we find Jamerson sufficiently alleged he exhausted his administrative remedies and filed his 2017 habeas petition within 30 days of receiving notice of the Secretary's action. Because the district court's decision to dismiss was based solely on its finding that Jamerson failed to *allege* timely exhaustion, we reverse that

10

decision and remand for further proceedings. We make no finding with regard to whether Jamerson ultimately will *prove* timely exhaustion as required by the statute, as that is an issue of fact for the district court on remand. We likewise offer no opinion on the merits of Jamerson's underlying challenge to the determination of his good time credit.

Reversed and remanded.