NOT DESIGNATED FOR PUBLICATION

No. 127,952

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARVIN L. GRAY JR.,
*Appellant*,

v.

DAN SCHNURR, Warden,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; DANIEL D. GILLIGAN, judge. Submitted without oral argument. Opinion filed May 2, 2025. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee.

Before PICKERING, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Marvin L. Gray Jr. appeals the summary dismissal of his K.S.A. 60-1501 petition contesting the seizure of his correspondence course material. The district court initially dismissed his K.S.A. 60-1501 petition for failure to exhaust administrative remedies. Gray filed a motion to alter or amend judgment showing that he had, in fact, exhausted his administrative remedies. The district court denied the motion to alter or amend judgment because Gray's K.S.A. 60-1501 petition was not filed within 30 days of the final action as required by K.S.A. 60-1501(b) and ruled that Gray had not timely filed his petition. After a thorough review, we find no error by the district court and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On June 15, 2023, Gray mailed a K.S.A. 60-1501 petition to the district court; the petition was filed June 23, 2023. In his petition, Gray alleged that after he had enrolled in a paralegal correspondence course, the facility withheld the correspondence course materials for almost a month without providing a censorship letter which stated the facility's reasons for withholding an inmate's materials sent from outside the facility. Gray claimed he sent several Form 9s to prison staff attempting to resolve issues related to the withheld course materials. A Form 9 is an inmate request to a staff member. Gray also alleged he filed a Protest of Mail Censorship form dated April 11, 2023, with the Secretary of the Kansas Department of Corrections or his designee. On April 28, 2023, the Secretary's designee denied the censorship protest. Gray also asked the district court to order the facility to release his correspondence course materials to him or reimburse him the course's costs of $445.

In his filings with the district court, Gray attached his filed protest and the denial of his protest. He also attached numerous Form 9s dated from March 28, 2023, to May 24, 2023. With his petition, Gray attached correspondence with Deputy Warden M. Kroeker dated April 24, 2023; June 8, 2023; and June 15, 2023. The June 15, 2023 correspondence from Kroeker ends: "This, the third response to your requests for participation approval, will be the final response regarding this topic."

On July 20, 2023, the district court summarily dismissed Gray's petition because Gray failed to provide proof of exhaustion of his administrative remedies. In response, Gray timely filed a motion to alter or amend judgment, asserting the censorship decision was final on April 28, 2023. The district court denied Gray's motion to alter or amend judgment because Gray's K.S.A. 60-1501 petition was filed 57 days after the April 28, 2023 final action. It concluded: "Failing to file within the statutory limitation is grounds for dismissal, and grounds to deny the motion to alter or amend judgement."

2

Gray now appeals.

ANALYSIS

To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, then no cause for granting a writ exists and the court must dismiss the petition." *Denney v. Norwood*, 315 Kan. 163, 173, 505 P.3d 730 (2022); see K.S.A. 60-1503(a). An appellate court exercises de novo review of a summary dismissal. *Denney*, 315 Kan. at 175.

On appeal, Gray's argument is one sentence: "Gray argues that the district court erred in dismissing his K.S.A. 60-1501 Petition because he promptly filed it following the conclusion of his Facility remedies, that is, his attempts to gain authorization on file or an informal resolution." An issue not adequately briefed is deemed waived or abandoned. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021). Even so, we will consider this issue. We note the Warden's contention that Gray did not file his petition within 30 days of the final action, which the Warden claims is a jurisdictional bar to Gray's case.

K.S.A. 60-1501(b) states:

"(b) Except as provided in K.S.A. 60-1507, and amendments thereto, an inmate in the custody of the secretary of corrections shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies."

3

The 30-day time limit in K.S.A. 60-1501(b) is not jurisdictional; instead, it is a statute of limitations. See *Battrick v. State*, 267 Kan. 389, 401, 985 P.2d 707 (1999) (referring to K.S.A. 60-1501[b] as a "statute of limitations"); *McKinney v. Zmuda*, No. 126,143, 2023 WL 6528018, at *4 (Kan. App. 2023) (unpublished opinion) ("Failure to comply with this 30-day statute of limitations bars the petition."); *Altom v. Norwood*, No. 120,742, 2019 WL 4892055, at *4 (Kan. App. 2019) (unpublished opinion) ("[T]he 30-day time limit does not impose a jurisdictional bar."). Still, failure to timely file a K.S.A. 60-1501 petition bars the petition. *Peterson v. Schnurr*, 57 Kan. App. 2d 56, 58, 447 P.3d 380 (2019).

Under K.S.A. 60-1501(b), the 30-day statute of limitations is tolled while an inmate attempts to exhaust his or her administrative remedies. "[U]ntil the inmate receives actual notice of that final administrative decision," the 30-day statute of limitations does not begin to run. *Jamerson v. Schnurr*, 57 Kan. App. 2d 491, 497, 453 P.3d 1196 (2019). Further, "under the prison mailbox rule, a habeas petition is considered filed when it is delivered to prison authorities for mailing—not on the date it is eventually filed with the court clerk—since those prison authorities control what happens after the paper is delivered to them." *Sauls v. McKune*, 45 Kan. App. 2d 915, 916, 260 P.3d 95 (2011). Under the prison mailbox rule, Gray filed his petition on June 15, 2023. Thus, for his petition to be timely, Gray had to exhaust his administrative remedies after May 16, 2023.

On appeal, Gray argues: "[T]he district court erred in dismissing his K.S.A. 60-1501 Petition because he promptly filed it following the conclusion of his Facility remedies, that is, his attempts to gain authorization on file or an informal resolution." Although his brief does not explicitly state it, Gray implies he did not exhaust his administrative remedies until June 15, 2023, with the correspondence from Kroeker stating: "This, the third response to your requests for participation approval, will be the final response regarding this topic." Gray does not argue his 30-day statute of limitations

should be tolled because he did not receive notice that his censorship protest was denied until June 15, 2023. An issue not briefed is deemed waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

Gray's argument that he did not exhaust his administrative remedies until June 15, 2023, is unpersuasive for two reasons. First, Gray was instructed to address the censorship issue with the Notice of Mail Censorship. Even before the April 28, 2023 denial of Gray's censorship protest, Gray was aware that the proper administrative remedy was a censorship protest. In correspondence dated April 24, 2023, Kroeker advised Gray "that items received from Blackstone Career Institute have, indeed, been seized and withheld by the facility Mail Room as there is no approval for such on file. Therefore, you need to address this matter via the Notice of Mail Censorship." Gray's subsequent communications with facility staff should not be considered attempts to exhaust his administrative remedies because the facility informed him of the proper procedure for challenging the mail censorship.

Second, Gray's correspondence with prison staff was not an available remedy to the censorship and did not toll the 30-day statute of limitations. In *Peterson*, another panel of this court addressed a similar issue and held that, because the grievance procedure "was not an available administrative remedy for Peterson, the 30-day time limit was not tolled while he needlessly filed an administrative grievance." 57 Kan. App. 2d at 59. There, Peterson challenged the censorship of a newspaper he subscribed to after the facility had seized the May through November editions of the paper. Peterson appealed the seizure of the June and October editions, and the Secretary's designee affirmed the seizure of the October edition on December 6, 2017. Six days later, Peterson filed an inmate grievance. On December 18, 2017, the warden responded that the grievance procedure was not part of the censorship protest procedure. The following month, on January 16, 2018, Peterson challenged the warden's response by filing a

5

K.S.A. 60-1501 petition. The district court summarily dismissed his petition because it was not filed within 30 days of December 6, 2017.

On appeal, Peterson argued his December 12, 2017 grievance tolled the filing deadline and, until the warden's December 18, 2017 response, the action did not become final. The panel disagreed. Citing K.A.R. 44-12-601(d)(2)(D), the panel found: "Peterson's protest of the decisions to seize his newspaper would have become final when the Secretary's designee upheld the decision." *Peterson*, 57 Kan. App. 2d at 58. The panel determined Peterson's argument that the action did not become final until December 18, 2017, was unpersuasive because "[i]nmates may *not* use the grievance procedure 'as a substitute for, or as a part of . . . the procedure for censorship of publications specified in the secretary's internal management policy and procedure.'" (Emphasis added.) 57 Kan. App. 2d at 59.

Similarly, Gray is not entitled to relief. Gray's K.S.A. 60-1501 petition acknowledged the Secretary or his designee took final action on April 28, 2023. Gray's petition was not mailed for filing until June 15, 2023, 48 days later; thus, his petition was not filed within 30 days of a final action as required by K.S.A. 60-1501(b). Gray's correspondence with prison officials, moreover, did not toll the statute of limitations because it was not an administrative remedy for the censorship of his correspondence course materials. The district court did not err when it summarily dismissed Gray's K.S.A. 60-1501 petition as untimely.

Affirmed.