NOT DESIGNATED FOR PUBLICATION

No. 122,429

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

AARON TERNING,
*Appellant*,

v.

RON BAKER (WARDEN),
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; MICHAEL D. GIBBENS, judge. Opinion filed January 29, 2021. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Sherri Price*, special assistant attorney general, of Lansing Correctional Facility, for appellee.

Before WARNER, P.J., POWELL, J., and MCANANY, S.J.

PER CURIAM: Aaron Terning is a prisoner at Lansing. In August 2018, he was being moved to Chautauqua County for a court appearance there. In the course of the move, all of his items of personal property—including his typewriter—were inventoried and "packed out" by employees at the prison. Terning claimed his typewriter was undamaged when it was inventoried, but the condition of his typewriter was not documented during the inventory process as required by Kansas Department of Corrections (KDOC) policy.

When his personal property was returned to him, Terning claimed his typewriter had been damaged while in KDOC possession. But because the condition of the

1

typewriter had not been noted when it was inventoried during the "packing out" process, Terning did not have documentation to support a claim for its damage.

Terning filed a grievance for damage to his typewriter, along with a claim that his rights were compromised by KDOC's failure to document the typewriter's condition during the inventory process.

Terning's claim was denied by the Secretary in October 2018. Terning received a letter notifying him of the Secretary's action on December 18, 2018.

On December 21, 2018, Terning initiated a second grievance with the warden, apparently for the "unanswered grievance on [his] property claim." He contended that his earlier grievance about the damage to his typewriter had not been officially denied because the original grievance document had not been personally returned to him. According to Terning, until that happened the original grievance was still pending. The Secretary denied this second grievance in January 2019.

On January 28, 2019, the original of Terning's first grievance was handed back to him. Thereafter, on February 27, 2019, Terning initiated this action under K.S.A. 60-1501, claiming, among other things, that he was unlawfully deprived of his property while in custody.

KDOC moved to dismiss, arguing that this K.S.A. 60-1501 action had been filed more than 30 days after the denial of his claim was complete. KDOC also contended that this K.S.A. 60-1501 proceeding was not the proper vehicle for a property damage claim.

Terning responded that he did not receive notice that his original claim was denied until January 28, 2019, when the original of his denied claim was physically returned to

2

him. He also argued that his claim was not just for damage to his typewriter, but also for a denial of due process.

The district court granted KDOC's motion to dismiss, finding that if Terning wishes to pursue a damage claim for his typewriter, he should file a regular civil action for damages. Terning appeals.

The threshold and controlling issue is whether Terning's K.S.A. 60-1501 action was timely filed. There is no dispute as to the factual timeline. Whether this action was timely filed is an issue of law over which we have unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

An inmate in the custody of the Secretary of Corrections may seek a writ of habeas corpus in the county where the inmate is confined, alleging that his or her conditions of confinement violate due process. *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Before doing so, the inmate must exhaust all available administrative remedies. K.S.A. 75-52,138; *Sperry v. McKune*, 305 Kan. 469, Syl. ¶ 5, 384 P.3d 1003 (2016). Under K.S.A. 2019 Supp. 60-1501(b), "an inmate in the custody of the secretary of corrections shall file a petition for writ . . . within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies."

Terning relies on the Internal Management Policy and Procedure (IMPP), section 01-118D to support his claim that this action was timely. According to the IMPP 01-118D, "[i]f the claim is denied, the original shall be returned to the claimant. A copy of the Secretary's determination shall be retained in the claim file." Terning reads this to say that the claim is not denied and the 30-day clock on filing a K.S.A. 60-1501 action does not start to run until the original claim document is returned to him. Because this did not

3

happen until January 28, 2019, and he filed this action on February 27, 2019, he contends this action was timely.

Terning misreads this IMPP provision. It does not say that a claim is not denied *until* the original claim form is returned to him. It says that *if* the claim is denied, the form *will be* returned to him. The running of the 30-day clock has nothing to do with the act of physically returning to the claimant the original of the denied claim.

To the contrary, *Jamerson v. Schnurr*, 57 Kan. App. 2d 491, 491-92, 453 P.3d 1196 (2019), makes clear that an inmate's attempts to exhaust administrative remedies do not end until the inmate receives actual notice of the final administrative decision. At that point in time, the 30-day clock for filing an action under K.S.A. 60-1501 starts to run.

Here, Terning received notice of the denial of his claim—the final administrative decision—on December 18, 2018. The 30-day clock started to run on that date. He had until January 17, 2019, to file this action. Filing this action on February 27, 2019, was too late.

The district court construed this action as being only a damage claim, the type of claim that should have been brought in a regular civil action for damages rather than a habeas corpus action. (Terning contributed to this confusion by the way he answered questions the court directed to him at the hearing.)

In deciding the matter, the district court did not mention the untimeliness of Terning's action. In fact, Terning claimed he was denied due process by the failure of KDOC to document the condition of his typewriter when it was "packed out," thereby compromising his ability to make a claim for property loss. Terning claimed this loss of the opportunity to make a damage claim was the liberty interest at stake here, not the

4

damage claim itself. In any event, Terning's habeas corpus action *was* untimely and the district court did not err in granting KDOC's motion to dismiss.

Affirmed.